# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

HARIBAHADUR BISTA,

     Petitioner,

v.

                                  No. 2:26-cv-00232-MLG-KK

RYAN ELLISON, US Attorney Office; DORA
CASTRO, Acting Warden, Otero County Processing
Center; Field Director for U.S. Immigration and
Customs Enforcement, El Paso Field Office, United
States Immigration and Customs Enforcement;
TODD M. LYONS, Acting Director, United States
Immigration and Customs Enforcement; KRISTI
NOEM, Secretary, U.S. Department of Homeland
Security; PAMELA BONDI, U.S. Attorney General,
in their official capacities,

     Respondents.

## ORDER DENYING PETITIONER'S MOTION TO ENFORCE JUDGMENT, PARTIALLY GRANTING VERIFIED PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER

This matter is before the Court on Petitioner Haribahadur Bista's Motion to Enforce Judgment Granting Petition for Habeas Corpus ("Motion to Enforce"), Doc. 10. Bista, a citizen of Nepal, is being detained at the Otero County Processing Center in Chaparral, New Mexico. Doc. 2 ¶¶ 2-3. He filed a Verified Petition for Writ of Habeas Corpus Pursuant to U.S.C. § 2241 ("Petition"), Doc. 2, seeking his immediate release from custody or, in the alternative, to conduct a bond hearing pursuant to 8 U.S.C. § 1226(a). Doc. 2 at 16. After federal Respondents filed their Response to the Petition on February 17, 2026, *see* Doc. 7, the Court concluded that Bista's detention was governed by § 1226(a) rather than § 1225. *See* Doc. 8 at 2-3. Accordingly, the Court ordered that Bista receive a bond hearing where federal Respondents would be required to justify

1

Bista's continued detention by clear and convincing evidence. *Id.* at 4. A bond hearing was held on February 23, 2026, during which the immigration judge denied bond because Bista "entered the US without inspection in November of 2024" and he "is considered a flight risk due to his lack of US ties, manner of entry into the US, and his speculative relief." Doc. 9 at 1. Bista's Motion to Enforce seeks review of the immigration judge's discretionary decision to deny bond. *See generally* Doc. 10. As federal Respondents note in their opposition to the Motion to Enforce, this Court does not have jurisdiction to hear such a challenge. *See* Doc. 12 at 3 (citing § 1226(e)). The Motion to Enforce, Doc. 10, is therefore denied for lack of jurisdiction.

Nevertheless, the Court orders Bista's immediate release. Upon reviewing Bista's Petition, it is apparent that he was released on his own recognizance[1] in November 2024, Doc. 2 at 2, which necessarily involved a factual determination that he was neither a flight risk nor a danger to the community. *See* Doc. 2 at 7 (citing 8 C.F.R. § 1236.1(c)(8)); 8 C.F.R. § 1236.1(c)(8) (explaining that a noncitizen may be released if they "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding"). Bista asserts that he complied with all conditions of his release, and that no change in circumstances warranted revocation of his parole. Doc. 2 at 7-8. Despite this, he was re-detained without notice or a pre-deprivation hearing at a routine Immigration and Customs Enforcement appointment on November 17, 2026. *Id.* Bista argues that his re-detention violated his right to due process. *Id.* at 9-10, 12-13. Federal Respondents do not dispute that Bista did not

---

[1] Release on recognizance is a form of conditional parole authorized by § 1226(a)(2)(B). *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (explaining that the federal government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025) ("[T]he government may release a noncitizen detained under Section 1226(a) on an Order of Recognizance, which is a form of conditional parole").

2

receive a pre-deprivation hearing, nor do they argue that Bista's parole was ever formally revoked. *See generally* Doc. 7. They also do not assert that conditions material to Bista's parole changed prior to his re-detention. *See generally* Doc. 7.

Noncitizens released from immigration custody have a liberty interest in remaining free. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) ("Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that [they] will be re-detained only if [they] violate[] the conditions of [their] release." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025). This Court recently addressed what process is "necessary to ensure any deprivations of that protected liberty interest accords with the Constitution." *Diallo v. Orozco*, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *3 (D.N.M. Mar. 4, 2026) (internal quotation marks omitted) (quoting *Garcia Domingo v. Castro*, 806 F. Supp. 3d 1246, 1252 (D.N.M. 2025)). The *Mathews v. Eldridge*[2] balancing test guides this analysis. *See Diallo*, 2026 WL 608746, at *3-4. As in *Diallo*, the Court concludes that due process demands that Bista receive a pre-deprivation hearing because (1) Bista has a clear liberty interest in remaining out of custody; (2) the risk of erroneous deprivation under the procedures used here is high, and the probable value of additional procedural safeguards is considerable, given that Bista was re-detained long before federal Respondents presented any valid legal basis to justify his civil detention; and (3) federal Respondents' interest in detaining Bista is low because they previously determined that he is neither a flight risk nor a danger to the

---

[2] 424 U.S. 319, 335 (1976).

community, and the cost of a pre-deprivation hearing is minimal. *See id.*; *see also Pablo Sequen*, 806 F. Supp. 3d at 1082-90.

Of course, Bista did receive a post-deprivation bond hearing approximately three months after being re-detained pursuant to the Court's order entered February 18, 2026. Doc. 8 at 2-3. Although there are circumstances in which "a meaningful postdeprivation hearing is adequate[,]" to satisfy due process, federal Respondents have not argued that this case presents such a situation. *See, e.g.*, *Clark v. City of Draper*, 168 F.3d 1185, 1189 (10th Cir. 1999) ("Although normally a property owner is entitled to a predeprivation hearing, where, as in this case, the state must act quickly, a meaningful postdeprivation hearing is adequate."). Absent any argument from federal Respondents that a post-deprivation hearing would provide adequate process, the Court is unable to conclude that the post-deprivation bond hearing remedied the due process violation that occurred when Bista was re-detained in November 2025 without any process and then held unlawfully under § 1225 for months. *See* Doc. 2 at 2, 7-8; Doc. 7 at 3. "Such a hearing is no substitute for the requirement that ICE engage in a deliberative process prior to, or contemporaneous with, the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause." *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 497 (S.D.N.Y. 2025) (citation modified) (ordering a petitioner's release after concluding that a post-deprivation bond hearing would be "inadequate to address the denial of due process that [the petitioner] was entitled to in the first instance"); *see also Rodriguez-Acurio v. Almodovar*, No. 2:25-CV-6065 (NJC), 2025 WL 3314420, at *31 (E.D.N.Y. Nov. 28, 2025) ("[A] post-deprivation bond hearing before a DHS officer or even an immigration judge would provide no genuine opportunity to relief because the detention without adequate pre-deprivation procedures has already been carried out.").

Accordingly, because Bista did not receive a pre-deprivation hearing, *see* Doc. 2 at 2, 8, his detention is an ongoing violation of his right to due process. *See Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent."). The Petition is therefore granted in part, and Bista shall be immediately released. *See, e.g.*, *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.").

Additionally, the Court will consider Bista's request for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"). *See* Doc. 2 at 16-17; *Delay v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) ("[W]e read the EAJA's broad language to unambiguously authorize fees in habeas actions challenging immigration detention."). "Under [the] EAJA, a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). Bista must "within thirty days of final judgment in the action, submit to the court an application for fees and other expenses," and demonstrate that "the position of the United States was not substantially justified." § 2412(d)(1)(B). Respondents must then justify their position. *See Hackett*, 475 F.3d at 1170.

It is hereby ordered:

1. Respondents must immediately release Bista from custody (within twenty-four hours of this Order's filing), subject to the conditions of his parole.

2. Upon Bista's release, Respondents must return all his property, including any identification and immigration documentation, that was in his possession when he was detained.

3. Federal Respondents must file a status report within two days of this Order's filing to certify their compliance. The status report shall state when and where Bista was released.

4. Absent a final removal order, Federal Respondents may not re-detain Bista without conducting a pre-deprivation hearing before a neutral immigration judge during which they must show by clear and convincing evidence that Bista is a flight risk or a danger to the community, and that no conditions other than his detention would be sufficient to alleviate such concerns.[3] Federal Respondents must notify Bista seven days in advance of any such hearing.

5. Bista shall promptly report to the Court any failure on Respondents' part to comply with this Order.

It is so ordered.

 

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[3] *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1240-46 (D.N.M. 2025) (concluding that, where the petitioner had "been unlawfully detained without due process in violation of his constitutional rights[,]" the appropriate remedy was "shifting the burden to the Government to prove, by clear and convincing evidence, that [the p]etitioner is at risk of flight and/or a danger to the community such that continued detention is necessary").